Wagoner County, Oklahoma
Filed
in District Court

SEP 2 5 2025

James E. Hight
Court Clerk
____o'clock____M

**IN THE DISTRICT COURT OF WAGONER COUNTY**
**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| **DEBORAH BOYD** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** CJ-2025-0387 |
| | ) | |
| **WAL-MART STORES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION**

Comes now, Plaintiff, Deborah Boyd, (hereinafter, "Plaintiff"), complaining of Defendant, WAL-MART STORES, INC. (hereinafter, "Defendant."), and would respectfully show the court that:

**Parties and Jurisdiction**

1. Plaintiff is an individual residing in Tulsa County, State of Oklahoma.

2. Defendant WAL-MART STORES, INC. is an retail establishment, conducting significant business activities in and around Wagoner, Oklahoma and may be served with process by serving its registered agent, C T Corporation System, 1833 South Morgan Road, Oklahoma City, Oklahoma 73128.

3. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about April 19, 2025, around 2:00 p.m. when Plaintiff Deborah Boyd was walking out of the store near the service disk of the Wal-Mart located at 410 S. Dewey Ave., Wagoner, Oklahoma 74467, she slipped and fell on a slippery surface, hitting her head. Consequently, Plaintiff Deborah Boyd suffered serious and extensive injuries.

1. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

EXHIBIT
2

a. Failure to maintain the premises, in a reasonably safe condition;

b. Failure to inspect the premises where the dangerous condition existed;

c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and/or;

e. Other acts deemed negligent.

2. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiffs injuries and damages that are described below.

3. At the time of the incident in question, Plaintiff was a tenant of Defendants' property. Defendants knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendants either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs resulting injuries.

4. Plaintiff would show that, based on the above-described facts, Defendants were negligent.

Defendants, as occupiers and/or owners of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendants' premises.

5. Defendant also failed to act as a reasonably prudent premise operator and/or owner would act in the same or similar situation.

6. By virtue of the actions, conduct and/or omissions of the Defendants, as set forth above, Plaintiff is seriously injured and entitled to recover the following damages:

a. Past and future medical expenses;
b. Past and future pain, suffering and mental anguish;
c. Past and future physical impairment;
d. Past and future physical disfigurement;
e. Lost wages and loss of future earning capacity; and
f. Other damages yet to be determined.

7. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

**WHEREFORE** Plaintiff demands judgment against Defendants, as set forth above, in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code and for any and all further relief that he may be entitled in law and equity, including attorney's fees, interest, costs, and such other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

Respectfully submitted,

**DASPIT LAW FIRM**

**Aubrey DeClercq, OBA #33923**
1601 Northwest Expressway, Suite 1600
Oklahoma City, OK 73118
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email e-service@daspitlaw.com
Email adeclercq@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**